# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MONTE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-347-RAW |
| | ) |
| CITY OF SALLISAW, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the court is the motion of the defendant City of Sallisaw to dismiss pursuant to Rule 12(b)(6) F.R.Cv.P. The court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. *Williams v. Wilkinson,* 2016 WL 1459529, *3 (10th Cir.2016)(citation omitted). In doing so, the court asks whether it is plausible that the plaintiff is entitled to relief. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

Plaintiff's allegations are that in September, 2013, he suffered an emotional episode in which, among other things, he pulled his car into the driveway of a neighbor's home, jumped into the neighbor's swimming pool while fully clothed, and then began sobbing. While still crying, plaintiff was met by Sallisaw police officers and taken to the Sequoyah Memorial Hospital in Sallisaw. He alleges he was given an injection and regained

consciousness in a locked medical facility in Wagoner, Oklahoma. He alleges he was in the facility for approximately eight days, and while there was involved in a hearing regarding possible release but was denied release. The attending psychiatrist diagnosed plaintiff as having a bi-polar disease and required plaintiff to ingest various medications. He was ultimately released from the facility. After release, plaintiff alleges, he went to a different psychiatrist who agreed with plaintiff that the prescribed medicine seemed unnecessary.

Plaintiff's complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction," as required by Rule 8(a)(1) F.R.Cv.P., but the motion assumes plaintiff proceeds under 42 U.S.C. §1983. Plaintiff's response to the motion (#8) makes no assertion to the contrary.

In order to assert municipal liability, a plaintiff is required to allege facts showing (1) that his constitutional rights were violated and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation. *See Myers v. Okla. County Bd. of County Comm'rs,* 151 F.3d 1313, 1318 (10th Cir.1998). Plaintiff's complaint fails as to both prongs. As to the first, he has not plausibly alleged a constitutional violation by the police officers. *See Graves v. Thomas,* 450 F.3d 1215, 1218 (10th Cir.2006)("a municipality may not be held liable where there was no underlying constitutional violation by any of its officers."). Plaintiff has not alleged that any medical personnel were employees of Sallisaw. As to the second prong, he has not tied any alleged violation to a policy or custom of Sallisaw. A local government entity cannot be liable under §1983 solely because its employees allegedly

violate a plaintiff's rights. *See Dodds v. Richardson,* 614 F.3d 1185, 1202 (10th Cir.2010). The motion will be granted.

The remaining defendant is only identified in the caption as "John Doe, agent of Sallisaw Municipal Authority, a/k/a Sequoyah Memorial Hospital." No allegations of the complaint specify who this person is or what they did to plaintiff. "While a plaintiff can sue unnamed defendants, the plaintiff must provide a description sufficient to identify those involved so process can eventually be served." *Frischenmeyer v. Buffington,* 1998 WL 777382, *2 (10th Cir.1998). Plaintiff has not done so. Therefore, the individual defendant will also be dismissed. Plaintiff appears *pro se*, and the court finds the dismissals should be without prejudice.

It is the order of the court that the motion of the defendant City of Sallisaw to dismiss (#5) is hereby granted. Defendant "John Doe" is also hereby dismissed.

**IT IS SO ORDERED** this 3rd day of MAY, 2016.

Dated this 3rd day of May, 2016.

Ronald A. White
United States District Judge
Eastern District of Oklahoma